ELECTRONICALLY FILED - 2020 Oct 22 3:09 PM - DILLON - COMMON PLEAS - CASE#2020CP1700433

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF DILLON ) <br> ) <br> Tywanda Rogers, ) <br> ) <br>         Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Awesome Products, Inc., ) <br> ) <br>         Defendant. ) <br> ) | IN THE COURT OF COMMON PLEAS <br> FOR THE 4th JUDICIAL CIRCUIT <br><br> CASE NO.: 2020-CP-17- <br><br><br> **SUMMONS** |

TO THE DEFENDANT ABOVE-NAMED:

A lawsuit has been filed against you.

    Within 30 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the South Carolina Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Jeff Buncher, Jr., at the address shown below. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                      URICCHIO, HOWE, KRELL, JACOBSON, TOPOREK, & KEITH, P.A.

                                      <u>s/ Jeff Buncher, Jr.</u>
                                      Jeff Buncher, Jr., Bar No. 78890
                                      17 ½ Broad Street – Post Office Box 399
                                      Charleston, South Carolina 29402
                                      Tel: (843) 723-7491; Fax: (843) 577-4179
                                      jeff@uricchio.com
                                      Attorneys for Plaintiff

October 20, 2020
Charleston, South Carolina

ELECTRONICALLY FILED - 2020 Oct 22 3:09 PM - DILLON - COMMON PLEAS - CASE#2020CP1700433

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> ) <br> COUNTY OF DILLON ) <br> ) <br> Tywanda Rogers, ) <br> ) <br> ) <br> Plaintiffs, ) <br> ) <br> ) <br> v. ) <br> ) <br> Awesome Products, Inc., ) <br> ) <br> Defendant. ) <br> _____ ) | IN THE COURT OF COMMON PLEAS <br> FOR THE 4th JUDICIAL CIRCUIT <br><br> CASE NO.: 2020-CP-17- <br><br><br> **COMPLAINT** <br> Jury Trial Requested |

Plaintiff, complaining of Defendant, alleges and says:

## PARTIES and INTRODUCTION

1. Plaintiff is and was at all times mentioned herein a citizen and resident of Dillon County, South Carolina.

2. Upon information and belief, Defendant Awesome Products, Inc., is a foreign corporation that does business in Dillon County, South Carolina and prides themselves on producing the finest surfactant chemical and household cleaning products in the market.

3. Defendant collectively designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold, and/or otherwise released into the stream of commerce household products, including laundry detergent, with knowledge that it contained toxins which would expose end users of the product to risks of said toxins.

4. Defendant included no user warnings that their laundry detergent caused itching, rashing and/or burns to protect potential users of the laundry detergent.

ELECTRONICALLY FILED - 2020 Oct 22 3:09 PM - DILLON - COMMON PLEAS - CASE#2020CP1700433

5. Defendant's product was used by the Plaintiff in its intended manner, without significant change in the product's condition. Plaintiff was unaware of the dangerous properties of the Defendant's product and relied on the Defendant's instructions as to the proper handling of the product. Plaintiff's inhalation and/or dermal absorption of toxins from Defendant's laundry detergent product caused Plaintiff to develop medical conditions and complications alleged herein.

6. Through this action, Plaintiffs seek to recover compensatory and punitive damages arising out of the damages sustained as a direct result of exposure to Defendant's product.

## JURISIDICTION AND VENUE

7. The Court has personal jurisdiction over the parties, subject matter jurisdiction and venue is proper in Dillon County, South Carolina.

## FACTS

8. Plaintiff purchased LA's Totally Awesome Tropical Sunrise Laundry Detergent from Dollar Tree in or about 2020.

9. In or about February 2020, Plaintiff used the laundry detergent product in its intended manner when washing her clothes.

10. As a result of using the laundry detergent product, Plaintiff sustained burns, itching and rashing.

11. Defendant manufactured, sold, and distributed their laundry detergent product despite their awareness that the inclusion of toxins presented an unreasonable risk to human health and was inherently dangerous.

12. Defendant knew or should have known that in their intended and/or common use, the laundry detergent product would very likely injure Plaintiff.

ELECTRONICALLY FILED - 2020 Oct 22 3:09 PM - DILLON - COMMON PLEAS - CASE#2020CP1700433

13. Instructions and warning labels affixed to the laundry detergent did not adequately describe the scope of danger associated with the use of the laundry detergent product.

14. Upon information and belief, at no time did the Defendant warn users of the laundry detergent product that the ingredients could cause end users to sustain itching, rashing and/or burns despite having knowledge of said danger.

15. As set forth herein, Defendant knowingly manufactured, sold, and distributed dangerous and defective laundry detergent product, failed to provide proper warnings, and failed to recall their product.

## FIRST CAUSE OF ACTION
## NEGLIGENCE

16. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if restated in full herein.

17. Defendant had a duty to individuals, including the Plaintiff, to exercise reasonable ordinary, and appropriate care in the manufacturing, design, labeling, packaging, testing, instruction, warning, selling, marketing, and distribution related to the laundry detergent product.

18. Defendant breached their duty of care and were negligent, grossly negligent, reckless and willful as described herein in the design, manufacture, labeling, warning, instruction, selling, marketing, and distribution of the laundry detergent product in one or more of the following respects:

   a. Failing to design the products so as to avoid an unreasonable risk of harm to individuals, including the Plaintiff;

   b. Failing to use reasonable care in the testing of the products so as to avoid an unreasonable risk of harm to individuals, including the Plaintiff;

4

ELECTRONICALLY FILED - 2020 Oct 22 3:09 PM - DILLON - COMMON PLEAS - CASE#2020CP1700433

c. Failing to use appropriate care in inspecting the products so as to avoid an unreasonable risk of harm to individuals, including the Plaintiff;

d. Failing to use appropriate care in instructing and/or warning the public as set forth herein of risks associated with the product, so as to avoid unreasonable risk of harm to individuals, including the Plaintiff;

e. Failing to use reasonable care in marketing, promoting, and advertising the products so as to avoid unreasonable risk of harm to individuals, including the Plaintiff;

f. Otherwise negligently or carelessly designing, manufacturing, marketing, distributing, warning; and

g. In selling and or distributing a product which was inherently dangerous to the public;

19. As a direct and proximate result of Defendant's negligence, the Plaintiff has been injured, sustained pain, suffering, impairment, loss of enjoyment of life, medical expenses, and other damages, including punitive damages, to be determined at the trial of this matter.

## SECOND CAUSE OF ACTION
### Strict Liability for Failure to Warn

20. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if they were set forth at length herein.

21. At all times relevant, Defendant was in the business of, among other things, manufacturing, selling, or otherwise distributing laundry detergent product.

22. As manufacturers, sellers, or distributors of a commercial product, the Defendant had a duty to warn of the risks associated with the reasonably foreseeable uses of their products.

ELECTRONICALLY FILED - 2020 Oct 22 3:09 PM - DILLON - COMMON PLEAS - CASE#2020CP1700433

23. As manufacturers, sellers, or distributors of a commercial product, the Defendant had a duty to provide reasonable instructions on the proper and safe use of their laundry detergent product.

24. Defendant, as manufacturers, sellers, and distributors placed into the stream of commerce the laundry detergent product.

25. Defendant knew or should have known that the toxins contained in their laundry detergent product could lead persons to develop medical conditions.

26. Defendant knew or should have known that the foreseeable use of the laundry detergent that they manufactured, sold, and distributed had the capacity to cause harm to human health.

27. Defendant's laundry detergent product was unreasonably dangerous because it was far more dangerous than an ordinary consumer would expect when used, as designed, in its intended or reasonably foreseeable manner.

28. These risks were not obvious to users of the laundry detergent product.

29. Plaintiff could not have reasonably discovered or protected herself from the defects and risks associated with the laundry detergent product.

30. The Defendant failed to provide warnings to the users that use of laundry detergent product could result in bodily injury.

31. The Defendant failed to provide warnings to the users of the dangers to human health associated with their product.

32. Defendant knew or should have known that the minimal warnings disseminated with their laundry detergent product were inadequate.

ELECTRONICALLY FILED - 2020 Oct 22 3:09 PM - DILLON - COMMON PLEAS - CASE#2020CP1700433

33. At all times relevant to this litigation, Defendant's laundry detergent product reached its intended consumers and users without substantial change in its condition as designed, manufactured, sold, distributed, labeled and marketed by Defendant.

34. Adequate instructions and warnings would have reduced or avoided the foreseeable risks of harm posed by the laundry detergent product.

35. Had Defendant provided adequate instructions and warnings, the bodily injury would not have occurred.

36. As a direct and proximate result of Defendant's failure to warn of the health impacts from the use of their laundry detergent product, Plaintiff has been injured and damaged.

37. Defendant's failure to provide adequate warnings and instructions renders Defendant's laundry detergent product unreasonably dangerous and defective.

38. As a result of Defendant's manufacture, sale, or distribution of a defective product, Defendant is strictly liable in damages to the Plaintiffs.

39. As a direct and proximate result of Defendant placing their defective products into the stream of commerce and failing to warn consumers and users of their products of the medical conditions associated with exposure to their product as described herein, Plaintiff has been injured, sustained pain, suffering, impairment, loss of enjoyment of life, medical expenses, and other damages, including punitive damages, to be determined at the trial of this matter.

40. Defendant's distribution of their defective products, despite their knowledge of the defects, demonstrates that Defendant's conduct was willful, wanton or reckless, and undertaken with a reckless indifference to the rights of Plaintiff.

## THIRD CAUSE OF ACTION
### Strict Liability - Defective Product / Design Defect

41. Plaintiff hereby incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if they were set forth at length herein.

42. At all times relevant, Defendant was in the business of, among other things, manufacturing, selling, or otherwise distributing laundry detergent product.

43. As manufacturers, sellers, or distributors, Defendant had a duty to make and/or market laundry detergent product that was free from a defective condition unreasonably dangerous to persons that foreseeably would come into contact with it.

44. Defendant breached that duty because the laundry detergent product that they manufactured, sold or distributed was dangerous to an extent beyond that contemplated by an ordinary consumer when used in its intended and reasonably foreseeable manner.

45. Defendant, as manufacturers, sellers, and distributors of the laundry detergent product placed into the stream of commerce, are guarantors of their laundry detergent product.

46. Defendant knew or should have known that the toxins contained in their laundry detergent product could lead those exposed to these toxic chemicals to develop medical conditions.

47. Defendant knew or should have known that the foreseeable use of the laundry detergent product that they manufactured, sold, and distributed had the capacity to cause harm to human health.

48. Defendant's laundry detergent product was far more dangerous than an ordinary user and/or consumer would expect when used, as designed, in its intended or reasonably foreseeable manner.

49. Defendant's laundry detergent product was, therefore, unreasonably dangerous.

ELECTRONICALLY FILED - 2020 Oct 22 3:09 PM - DILLON - COMMON PLEAS - CASE#2020CP1700433

50. The risks of the laundry detergent product were not obvious to users of the product.

51. Plaintiff could not have reasonably discovered the defects and risks associated with the laundry detergent product

52. Plaintiff could not protect herself from exposure to Defendant's toxic chemicals.

53. The Defendant's laundry detergent product was in a defective condition and unreasonably dangerous because it was dangerous to an extent beyond that contemplated by an ordinary user and/or consumer when used in its intended and reasonably foreseeable manner.

54. Defendant's laundry detergent product was, therefore, defective.

55. It was foreseeable that toxic chemicals from the laundry detergent product that Defendant manufactured, sold and distributed would cause bodily harm to a person.

56. As a result of Defendant's manufacture, sale or distribution of a defectively designed product, Plaintiff has been injured and damaged.

57. As a result of Defendant's manufacture, sale, or distribution of a defective product, Defendant is strictly liable in damages to the Plaintiff.

58. As a direct and proximate result of Defendant's manufacture, sale or distribution of a defective product, Plaintiff has been injured, sustained pain, suffering, impairment, loss of enjoyment of life, medical expenses, and other damages, including punitive damages, to be determined at the trial of this matter.

**FOURTH CAUSE OF ACTION**
**Breach of Express Warranty**

59. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully set forth herein.

ELECTRONICALLY FILED - 2020 Oct 22 3:09 PM - DILLON - COMMON PLEAS - CASE#2020CP1700433

60. Defendant expressly warranted, through direct-to-consumer marketing, advertisements, and labels, that their laundry detergent product was safe and effective for reasonably anticipated uses by persons, including Plaintiff.

61. The laundry detergent product did not conform to these express representations because they cause personal injury when used to clean clothes.

62. As a direct and proximate result of the Defendant's breach of warranty, Plaintiff was exposed, as aforesaid, to toxins that directly and proximately caused Plaintiff to be injured, sustain pain, suffering, impairment, loss of enjoyment of life, medical expenses, and other damages, including punitive damages, to be determined at the trial of this matter.

**FIFTH CAUSE OF ACTION**
**BREACH OF IMPLIED WARRANTIES**

63. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully set forth herein.

64. At the time the Defendant manufactured, marketed, labeled, promoted, distributed and/or sold the laundry detergent product, the Defendant knew of the uses for which the laundry detergent product was intended, and impliedly warranted the laundry detergent product to be of merchantable quality and safe for such use.

65. Defendants breached their implied warranties of the laundry detergent product to Plaintiff because it was not fit for their common, ordinary and intended uses, including the aforementioned reasonable and foreseeable uses.

66. As a direct, foreseeable and proximate result of the Defendant's breaches of implied warranties, Plaintiff was exposed, as aforesaid, to toxins from laundry detergent product that directly and proximately caused Plaintiff to be injured, sustain pain, suffering,

ELECTRONICALLY FILED - 2020 Oct 22 3:09 PM - DILLON - COMMON PLEAS - CASE#2020CP1700433

impairment, loss of enjoyment of life, medical expenses, and other damages, including punitive damages, to be determined at the trial of this matter.

WHEREFORE, Plaintiff respectfully request that the Court enter judgment in her favor for compensatory and punitive damages, costs herein incurred, for a trial by jury and all such other and further relief that this Court deems just and proper.

          URICCHIO, HOWE, KRELL, JACOBSON,
          TOPOREK, & KEITH, P.A.

          s/ Jeff Buncher, Jr.
          Jeff Buncher, Jr., Bar No. 78890
          17 ½ Broad Street – Post Office Box 399
          Charleston, South Carolina 29402
          Tel: (843) 723-7491; Fax: (843) 577-4179
          jeff@uricchio.com
          Attorneys for Plaintiff

October 20, 2020
Charleston, South Carolina